**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID GEROLD RUNNELS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 09-CV-0256-CVE-FHM |
| RANDALL WORKMAN; and<br>DREW EDMONDSON, Att'y General, | ) |
| Respondents. | ) |

**OPINION AND ORDER**

On May 1, 2009, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus. He also paid the $5.00 filing fee. In his petition, Petitioner challenges the constitutionality of his conviction and sentence entered in Creek County District Court, Case No. CRF-1991-0278.

A review of Petitioner's previous case filings reveals that he has in the past filed two (2) other habeas corpus actions in this Court.[1] The Antiterrorism and Effective Death Penalty Act ("AEDPA") instituted a "gatekeeping" procedure for second or successive habeas petitions. Pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by the AEDPA, a petitioner must first seek authorization from the Court of Appeals before filing a second or successive habeas petition in the

---

[1] The Court's records show that Petitioner filed a 28 U.S.C. § 2254 habeas corpus petition in Case No. 97-CV-210-TCK, challenging the same conviction at issue in the instant case. By Order filed October 28, 1999, Petitioner's request for habeas corpus relief was denied. The Court entered judgment in favor of Respondent on November 1, 1999. Petitioner commenced an appeal in the Tenth Circuit Court of Appeals. However, on March 21, 2000, the appeal was dismissed on Petitioner's motion. Petitioner filed a second 28 U.S.C. § 2254 habeas corpus petition in Case No. 04-CV-174-JOE. That petition was transferred to the Tenth Circuit Court of Appeals as a second habeas petition filed without prior authorization from the Tenth Circuit. On June 22, 2004, the Tenth Circuit denied authorization.

District Court. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Given the Court's consideration of Petitioner's first habeas corpus petition and the transfer of his second petition, the instant petition is a successive habeas corpus petition. Nothing in the record indicates that Petitioner has received authorization from the Court of Appeals before filing his petition in this Court. See 28 U.S.C. § 2244(b)(3)(A).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon examination of the petition filed in this case, the Court finds that all claims in the petition are either time-barred or not cognizable on federal habeas corpus review. As a result, it would be a waste of judicial resources to transfer the petition. Petitioner raises grounds based on trial court procedural errors (grounds 1, 4, 5, and 8), errors by the Oklahoma Court of Criminal Appeals

2

("OCCA") on post-conviction appeal (ground 2), ineffective assistance of appellate counsel (grounds 3, 9, 10, and 12), ineffective assistance of trial counsel (grounds 6 and 7), juror bias (ground 11), and a trial witness issue (ground 13). None of Petitioner's claims is based on new evidence or an intervening change in law.[2] With the exception of ground 2, all of Petitioner's claims relate to his trial, the resolution of his motion for a new trial, or his direct appeal. Those claims are clearly time barred.[3] Nothing suggests that Petitioner is entitled to either statutory or equitable tolling of the one-year limitations period. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978.

In ground 2, Petitioner claims that OCCA erred in using the doctrines of "procedural bar" and "waiver" to affirm the district court's denial of his post-conviction applications. The Tenth Circuit Court of Appeals has consistently ruled that challenges to state post-conviction procedures

---

[2]The Court recognizes that in Ground 1, Petitioner states that there has been an "intervening change and clarification in the law" applicable to Oklahoma's procedural bar and waiver rule. However, he fails to identify the referenced law. Furthermore, the most recent date cited by Petitioner in ground 1 is April 18, 1996, or more than thirteen (13) years prior to the filing of the instant petition.

[3]Petitioner's one-year limitations expired on April 24, 1997, or one-year after enactment of the AEDPA. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In addition, Petitioner is not entitled to tolling of the limitations period during the pendency of his post-conviction proceedings because those actions were commenced long after the expiration of the one-year period. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (stating that a collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations).

do not rise to the level of federal constitutional claims cognizable on habeas corpus review. See Phillips v. Ferguson, 182 F.3d 769, 773-74 (10th Cir. 1999); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (when petitioner asserts no constitutional trial error, but only error in the state post-conviction procedure, no relief can be granted in federal habeas corpus); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993). As a result, Petitioner's second ground of error, is not cognizable in this federal habeas corpus action.

Because the claims asserted in this successive petition for writ of habeas corpus are untimely or not cognizable on habeas corpus, the Court finds it would be a waste of judicial resources to transfer this matter to the Tenth Circuit for authorization. Therefore, the petition shall be dismissed.

**ACCORDINGLY IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus is **dismissed** for lack of jurisdiction as a successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.
2. This is a final Order terminating this action.

**DATED** this 6th day of May, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT